```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X    E.D. Bankr. Case
In re:                                 No. 07-71023

OLADOTUN OGUNDOJU                      MEMORANDUM AND ORDER
                                       07-CV-3774(JS)
                Debtor.
----------------------------------X
```

APPEARANCES:
For Appellant:      Oladotun Ogundoju, Pro Se
                    2249 Parkhurst Road
                    Elmont, New York 11003

For Appellee:       Karen Marie Sheehan, Esq.
                    Rosicki Rosicki & Associates, P.C.
                    51 East Bethpage Road
                    Plainview, New York 11803

SEYBERT, District Judge:

Oladotun Ogundoju ("Appellant") commenced this bankruptcy appeal on September 10, 2007, and the appeal was docketed on September 13, 2007. Appellant seeks review of Bankruptcy Judge Stan Bernstein's order, dated July 27, 2007, denying Appellant's motion for reconsideration of Bankruptcy Judge Bernstein's earlier order, dated May 22, 2007, which granted Appellee's motion to lift the automatic stay in the underlying Chapter 13 Bankruptcy proceeding. For the reasons stated below, Appellant's appeal is DISMISSED.

BACKGROUND

On March 26, 2007, Appellant filed a Chapter 13 Bankruptcy petition. On May 2, 2007, Deutsche Bank National Trust Company, as Trustee, moved pursuant to Bankruptcy rule 4001, 11 U.S.C. 105(a), and 11 U.S.C. 362 for an order granting relief from the automatic stay provision provided in 11 U.S.C. § 362. Appellee

argued that Appellant failed to submit monthly pre-confirmation payments to the Trustee, failed to appear at the initial § 341 meeting of the creditors, and failed to submit copies of his income tax returns and other mandatory disclosure documentation. On May 22, 2007, Bankruptcy Judge Bernstein granted Appellee's motion, thereby allowing Appellee to proceed with a foreclosure with respect to real property located at 2249 Parkhurst Road, Elmont, New York (the "Property"). Appellant did not appeal the May 22, 2007 order.

On May 29, 2007, the Bankruptcy Court granted Appellee's motion to dismiss the case. On June 22, 2007, Appellant moved for reinstatement of his bankruptcy petition and reconsideration of the May 22, 2007 order. Bankruptcy Judge Bernstein denied Appellant's motion on July 27, 2007. On August 6, 2007, Appellant filed a notice of appeal of the July 27, 2007 Order, and on the same day, Appellant filed a motion seeking a stay pending appeal. The Bankruptcy Court denied Appellant's motion for a stay pending appeal on September 28, 2007.

On November 27, 2007, Appellee sold the Property pursuant to a Judgement of Foreclosure and Sale, which was entered in a related case pending between Appellee and Emma McClain, in the Supreme Court of the State of New York, Nassau County.[1] See

---

[1] Appellant co-owned the mortgaged premises with Emma McClain.

Deutsche Bank National Trust Company as Trustee v. Emma McClain, Lisa Doe, Index No. 99991/05.

## DISCUSSION

I.   Appellant's Appeal is Moot

"Courts have dismissed as moot appeals of orders lifting the automatic stay where the property that was previously subject to the stay has already been sold pursuant to the bankruptcy court's order." In re Watkins, 362 B.R. 568, 572 (E.D.N.Y. 2007); see also Licensing by Paolo v. Sinatra (In re Gucci), 105 F.3d 837, 840 (2d Cir. N.Y. 1997) ("[R]egardless of the merit of an appellant's challenge to a sale order, we may neither reverse nor modify the judicially-authorized sale if the entity that purchased or leased the property did so in good faith and if no stay was granted."); In re Baker, 339 B.R. 298, 303 (E.D.N.Y. 2005) ("Courts have uniformly held that if a debtor fails to obtain a stay of a sale of properties, appeal of an order authorizing the sale is rendered moot and must be dismissed once the sale to good faith purchasers has taken place and has been approved.").

This holding is not limited to debtors that failed to request stays; it also extends to those who made timely requests for stays, but were denied, where the sale has been consummated. In re Gucci, 105 F.3d at 840 ("even where an appellant timely moves to stay a judicially-authorized sale, a district court's denial of that motion will similarly limit the issues on appeal"). Thus, if

3

a debtor was unable to secure a stay, the order authorizing the sale cannot be reversed absent a showing of bad faith by the third-party purchaser.

In this case, Appellee sold the Property pursuant to the Bankruptcy Court's order, which lifted the automatic stay provisions and authorized Appellee to proceed with foreclosure. Because Appellant did not receive a stay pending appeal, and does not argue that the purchaser acted in bad faith when purchasing the Property, Appellant's appeal of the order denying Appellant's motion to reconsider the decision to lift the automatic stay is rendered moot and, therefore, DENIED.

II. <u>The Bankruptcy Court Properly Denied Appellant's Motion For Reconsideration</u>

Even if the Court were to find that the appeal is not moot, the Court would nonetheless deny Appellant's appeal and affirm the July 27, 2007 Order. Appellant's motion for reconsideration did not argue mistake, inadvertence, fraud, misrepresentation, or any other compelling reason for the Bankruptcy Court to reconsider its earlier order. Rather Appellant argued that he was protected by the automatic stay provisions of the Bankruptcy Rules, he had only filed one bankruptcy petition, and lifting the automatic stay violated the Bankruptcy Rules and Appellant's civil rights. Appellant did not address any of the reasons cited in the Bankruptcy Court's decision to lift the automatic stay, or the issues cited in Appellee's initial motion to

4

lift the automatic stay: that Appellant had failed to disclose certain mandatory documents and failed to appear at the initial § 341 meeting.

Nonetheless, Bankruptcy Judge Bernstein gave Appellant another opportunity to present his case, and scheduled a hearing on Appellant's motion for reconsideration and reinstatement for July 17, 2008.  However, Appellant did not appear at the hearing, and sent his brother in his stead.  At the hearing, Bankruptcy Judge Bernstein noted that Appellant's brother had not provided the court with any reason to continue Appellant's case, and found that Appellant "failed to appear at the meeting of the creditor on April 26, 2007 . . . . failed to provide mandatory disclosure documents . . . . [and] failed to make pre-confirmation depositions. . . ." Hearing Tr. July 17, 2007).

Appellant's deficiencies provided a basis for lifting the automatic stay provisions, and Appellant's papers failed to provide a sufficient basis for the Bankruptcy Court to reconsider its decision to lift the stay.  Accordingly, the Court finds that the Bankruptcy Court did not abuse its discretion in denying Appellant's motion for reconsideration.  See In re Critical Care Support Servs., 236 B.R. 137, 141 (E.D.N.Y. 1999) ("The decision whether to grant a party relief under Rule 60(b) lies within the sound discretion of the bankruptcy court, and will be reversed on appeal only if that discretion is abused."); see also In re Waugh,

367 B.R. 361, 369 (Bankr. E.D.N.Y. 2007).

CONCLUSION

For all of the reasons set forth herein, the Order of the Bankruptcy Court is AFFIRMED.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    Central Islip, New York
            September 4, 2008